UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTINA MINK, )<br>      Plaintiff, )<br>         )<br>  vs. )<br>         )<br>BARTH ELECTRIC CO., INC., )<br>      Defendant. ) | | 1:08-cv-0561-SEB-JMS |

# ENTRY ON DEFENDANT'S MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT

This matter is before the magistrate judge on Defendant Barth Electric Co., Inc.'s ("Barth") Motion to Strike and Motion for More Definite Statement (Dkt. # 14). The motion is fully briefed, and being duly advised, the magistrate judge **GRANTS IN PART AND DENIES IN PART** the motion for the reasons and to the extent set forth below.

Barth moves pursuant to Fed. R. Civ. P. 12(f) to strike paragraphs 18, 19, 20 and 22 from Plaintiff Christina Mink's ("Mink") Complaint on the basis that they do not comply with Fed. R. Civ. P. 8. Barth further moves pursuant to Fed. R. Civ. P. 12(e) that those paragraphs be re-pled to comply with Rule 8. In addition, Barth also moves to strike Exhibit B to Mink's Complaint, arguing it is unnecessary, immaterial, impertinent, and inappropriately broadens the scope of Mink's Complaint.

Initially, Mink notes that Barth has violated Local Rule 7.1 by filing both the motion to strike and the motion for more definite statement in one document, and failed to file a separate supporting brief in support of its motion to strike. The Court declines to address this argument, preferring instead to address the motions on their merits.

**Paragraphs 18, 19, 20 and 22**

Barth argues that paragraphs 18, 19, 20 and 22 of Mink's Complaint violate Rule 8(a)(1)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Those paragraphs contain excerpts from Exhibit B of the Complaint, which is Mink's EEOC Charge of Discrimination. Barth complains that these paragraphs are "devoid of simple, concise, direct, short and plain pleading allegations." (Barth's Motion, pg. 3). Mink responds that her Complaint complies with Rule 8.

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored. "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990).

While Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the statement must be enough "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). In *Bell Atlantic,* the Supreme Court observed that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Rather, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

The Court concludes that the four paragraphs at issue are not redundant, irrelevant to the subject matter of the litigation, or prejudicial to the objecting party. The four paragraphs provide

detailed allegations of fact about four specific instances of alleged sexual harassment endured by Mink. Although Rule 8 does not require such detail, it also does not necessarily preclude it. While Barth claims that its ability to respond adequately to the Complaint is prejudiced, the Court does not so find. The level of detail is not so onerous as to make a response difficult. Barth either admits or denies these incidents took place. Barth's motion to strike paragraphs 18, 19, 20 and 22 is **DENIED.**

## Exhibit B

Exhibit B of Mink's Complaint consists of her EEOC Charge of Discrimination form with an attached fourteen-page narrative detailing Mink's allegations of sexual harassment. Barth asserts that it contains many charges and allegations that were not timely brought to the EEOC and cannot therefore be pursued in this lawsuit. Barth characterizes this as Mink's attempt to "bring in through the back door what she cannot bring in through the front. She is attempting to place before the Court (and perhaps eventually the jury) allegations of conduct so clearly untimely that she does not incorporate those allegations explicitly in her Complaint." (Barth's Motion, pg. 5).

This argument has no merit; attaching the document to the Complaint does not make it automatically admissible. *See Am. Skandia Life Assur. Corp. v. McCarty,* 2008 U.S. Dist. LEXIS 58633 at *5-6 (C.D. Ill. Aug. 1, 2008). Indeed, "it has been long established that a party cannot rest on the pleadings, but must present admissible evidence which demonstrates that there is a genuine issue of fact for trial." *Id.* at *5, citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1996); *Koszola v. Bd. of Educ. of City of Chicago,* 385 F.3d 1104, 1111 (7th Cir. 2004).

Next, Mink argues that Exhibit B is appropriately attached to the Complaint as a "written

instrument" under Fed. R. Civ. P. 10(c). She claims that it establishes that she has properly exhausted her administrative remedies, and defines the nature of her cause of action under Title VII. Barth replies that Exhibit B is not the sort of "written instrument" contemplated by Rule 10(c), and contains "extraneous and evidentiary material." (Barth's Reply, pg. 8).

Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Hence, Barth's concern that it must respond to each of the many allegations contained within Exhibit B. The Seventh Circuit has interpreted the term "written instrument" to include documents such as affidavits and letters, as well as contracts and loan documentation. *Northern Ind. Gun & Outdoor Shows v. City of S. Bend,* 163 F.3d 449, 452-53 (7th Cir. 1998). However, Rule 10(c) is not a license to plead a case by exhibit. *See, e.g., Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir. 1991).

Exhibit B is clearly unnecessary to show that Mink has exhausted her administrative remedies, as Exhibit A, the EEOC Right to Sue notice Mink received, as well as paragraph nine of her Complaint, establish that fact. Although, as Mink points out, she could have signed an affidavit containing the same information as contained in Exhibit B and attached it to the Complaint pursuant to Rule 10(c), either way the information is unnecessary to define the nature of her cause of action. With the inclusion of four substantial paragraphs directly quoted from Exhibit B in her Complaint, as well as other information from Exhibit B contained within her Complaint, her cause of action is well-defined. Much of the information in Exhibit B is therefore redundant. Some of the information is irrelevant and impertinent, as evidenced below. Furthermore, whether in the form of Exhibit B or an affidavit containing the exact same information, because Rule 10(c) renders it part of the Complaint, the inclusion of Exhibit B results in a Complaint that is no longer "simple, concise, and direct" as required by Rule 8.

Of significant concern to the Court, however, is information contained in Exhibit B that violates Local Rule 5.2(a)(2). Mink's minor child[1] is named rather than her initials being used as required by L.R. 5.2(a)(2). Further, quite personal information regarding Mink's daughter is mentioned several times in the Complaint. Surely Mink did not intend for such information to be available to the public.

Therefore, the Court **GRANTS** Barth's motion to strike Exhibit B.

## Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Barth's Motion to Strike and Motion for More Definite Statement. The Court **GRANTS** Barth's motion to strike Exhibit B. The Clerk is directed to remove Exhibit B of the Complaint from the docket, and to return the paper copy to Plaintiff's counsel. The Court **DENIES** Barth's motion to strike paragraphs 18, 19, 20 and 22 from Mink's Complaint, and consequently **DENIES** Barth's motion for a more definite statement. However, because Exhibit B has been stricken, the references to it within Mink's Complaint must be removed. Therefore, Mink has five calendar days from the date of this order to file an amended complaint deleting all references to Exhibit B.

**SO ORDERED.**

08/19/2008

                                                  Jane Magnus-Stinson
                                                  United States Magistrate Judge
                                                  Southern District of Indiana

---

[1] Although Mink's daughter's age is not specifically mentioned, based upon the other information provided, the Court reasonably infers that she is, or was at the time of the personal incident discussed in Exhibit B, a minor.

Distribution:[2]


Jeffrey Stuart Ankrom
BERRY & DOMER
ankrom@copyrighttimes.com

Thomas Allen Berry
BERRY & DOOMER
tom@tomberry.com

Ryan C. Fox
HASKIN LAUTER  & LARUE
rfox@binghammchale.com

Donald  Francis Jr.
701 N. Walnut Street
Bloomington, IN 47404

Jeffery M. Mallamad
BINGHAM MCHALE LLP
jmallamad@binghammchale.com

Robert C. Price
PRICE & RUNNELLS
robertcprice@att.net

Mary M. Runnells
PRICE & RUNNELLS
mrun4@att.net

Christopher R. Taylor
BINGHAM MCHALE LLP
ctaylor@binghammchale.com

---

[2]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email.  Information on how to register may be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.