UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINA MINK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BARTH ELECTRIC CO., INC., )<br>)<br>Defendant. ) | 1:08-cv-561- SEB-JMS |

### ENTRY GRANTING DEFENDANT'S BILL OF COSTS AND OVERRULING PLAINTIFF'S OBJECTIONS THERETO
(Docket No. 68)

On February 2, 2010, the Court granted Defendant's Motion for Summary Judgment and entered a judgment in favor of Defendant and against Plaintiff. Thereafter, Defendant filed a Bill of Costs, pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), seeking to recover the expense of depositions and photocopies necessarily obtained for use in the case. Plaintiff objected to Defendant's Bill of Costs, asserting that: (1) the Court should not award Defendant the cost of its photocopies because Defendant failed to explain what specific documents were copied and the purposes for which the copies were made; and (2) the Court should not award Defendant any costs at all because Plaintiff is indigent and cannot afford to pay them. For the reasons set forth below, we grant Defendant's Bill of Costs and overrule Plaintiff's objections.

Fed. R. Civ. P. 54(b) "provides a presumption that costs are awarded to the prevailing party and the burden is on the non-prevailing party to overcome this presumption." Rivera v. City of Chicago, 469 F.3d 631, 636 (7th Cir. 2006). "Under Rule 54(b), district courts enjoy wide discretion in determining and awarding reasonable costs." Northbrook Excess and Surplus Insurance Co., v.

1

Proctor & Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991).  As long as statutory authority exists for a particular item to be taxed as a cost, the decision of a district court to tax such cost will not be reversed on appeal, absent "a clear abuse of discretion."  Id.

In connection with its request for the cost of photocopies, Defendant has provided the Court with the Declaration of Christopher R. Taylor, one of Defendant's lawyers, along with a computerized report generated by his law firm's billing department documenting the dates on which the copies were made, the attorney or paralegal requesting the copies, the client and matter number associated with the copy job (connecting the copy job to this case), and the cost of each copy job (from which the number of pages of each copy job can be determined).  Plaintiff asserts that this documentation does not provide sufficient detail to permit the Court to determine what papers were copied and whether the copies were necessarily obtained for use in this case and, therefore, Defendant's claim for the cost of photocopies must be denied.  The Court overrules Plaintiff's objection.

Although a district court might request further detail regarding copying charges before awarding such costs, there is no requirement from the outset that a party seeking to recover the cost of photocopies must specifically state what papers were copied, why they were copied, and how they were used in the case.  Northbrook, 924 F.2d at 643.  The Seventh Circuit requires only that a party seeking such costs "provide the best breakdown obtainable from retained records."  Id.  Indeed, the Seventh Circuit has said that a prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs."  Id.  The declaration of Mr. Taylor and the documentation provided therewith establish that the copies included within Defendant's Bill of Costs were made for purposes of this litigation and were billed

2

by defense counsel to Defendant as part of this case. In this instance, the Court finds that to be sufficient.

Plaintiff's counsel also objects to the per page copy rate charged by defense counsel ($0.20) and the total copying costs sought by Defendant ($1,789.20) as excessive; however, we do not find the per page rate or the total amount to be unreasonable. The fact that Plaintiff's counsel charges his clients for copies at a lesser per page rate than defense counsel and did not make nearly as many copies in prosecuting this case as defense counsel made in defending it does not render Defendant's photocopying costs unreasonable. This litigation was commenced on April 29, 2008, and concluded on February 2, 2010, and during the course of litigation lasting over a twenty-one month period, a defendant involved in a highly contested employment discrimination case could reasonably require copies of a great number of documents. Additionally, we observe that the total copying costs sought by Defendant are in a range consistent with the photocopying costs sought by and awarded to other prevailing parties in similar cases.

Next, we turn to Plaintiff's argument that even if the costs sought by Defendant for photocopying and deposition transcripts[1] are reasonable, we should nonetheless decline to award Defendant any costs at all because Plaintiff is indigent and cannot afford to pay such costs.

"Indigence does not automatically excuse the losing party from paying the prevailing party's costs." Rivera, 469 F.3d at 635. In considering whether to excuse a losing party from paying the prevailing party's costs, a district court must make a threshold finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." Id. The burden is on

---

[1] Plaintiff did not raise a specific objection to the reasonableness of the costs sought by Defendant for deposition transcripts – only the general objection that she is indigent and cannot afford to pay such costs.

the losing party to provide the district court with sufficient documentation to support such a finding. Id.

Even if we were to accept Plaintiff's contention that she has no money to pay court-imposed costs now, Plaintiff has not established that she is incapable of paying court-imposed costs *in the future*. From the facts of this case, we know that Plaintiff is able to work. She was employed by Defendant from June of 1999 through April of 2007 in a job from which she resigned.[2] [Summary Judgment Ruling, Docket No. 66, p. 27, ft. n. 8.] We also know from the affidavit that Plaintiff submitted in support of her objection to Defendant's Bill of Costs that she is currently taking classes at Ivy Tech. The fact that Plaintiff may lack sufficient income now because she is enrolled in school as a full-time student does not support a finding that she is incapable of paying court-imposed costs in the future. Actually, it leads to the opposite conclusion. It is fair to conclude that Plaintiff, a relatively young woman who is far from retirement age, has enrolled at Ivy Tech to enhance her skills for the purpose of obtaining a better job and a better income and will be employed again at some point in the (probably near) future. We, thus, overrule Plaintiff's indigence objection to Defendant's Bill of Costs.

For the reasons stated above, we **GRANT** Defendant's Bill of Costs filed at Docket No. 68 and **OVERRULE** Plaintiff's objections to it. The Clerk shall proceed to enter Defendant's Bill of

---

[2] Plaintiff asserted that she was constructively discharged from that job, but we rejected that claim in our summary judgment ruling, finding that she had resigned.

Costs upon the docket.

    IT IS SO ORDERED.

Date:  05/13/2010

                                                      SARAH EVANS BARKER, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Copies to:

    **Jeffrey Stuart Ankrom**
        BERRY & DOMER
        ankrom@copyrighttimes.com

    **Thomas Allen Berry**
        BERRY & DOMER
        tom@tomberry.com,attorneyberry@yahoo.com

    **Anne L. Cowgur**
        BINGHAM MCHALE LLP
        acowgur@binghammchale.com,dlawyer@binghammchale.com

    **Jeffery M. Mallamad**
        BINGHAM MCHALE LLP
        jmallamad@binghammchale.com

    **Robert C. Price**
        PRICE & RUNNELLS
        robertcprice@att.net,robcprice@gmail.com

    **Mary M. Runnells**
        PRICE & RUNNELLS
        mrun4@att.net,mrunnells4@yahoo.com

    **Christopher R. Taylor**
        BINGHAM MCHALE LLP
        ctaylor@binghammchale.com,sjardina@binghammchale.com